UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

CHRIS ALBANO,
*individually and on behalf of all
those similarly situated*,

**Plaintiff,**

v.

MRS BPO, L.L.C.,

**Defendant.**
_____/

CLASS ACTION

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff Chris Albano ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Defendant MRS BPO, L.L.C. ("Defendant") for violating the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

2. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

3. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Palm Beach County, Florida.

4. Venue of this action is proper in this Court because the cause of action alleged below arose in Palm Beach County, Florida.

5. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the FDCPA and the FCCPA, and because Plaintiff is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## PARTIES

6. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

7. Defendant is a New Jersey limited liability company, with its principal place of business located in Cherry Hill, New Jersey.

## DEMAND FOR JURY TRIAL

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

9. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

10. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Defendant, and Plaintiff (the "Subject Service").

11. Plaintiff is the alleged debtor of the Consumer Debt.

12. The Subject Service was primarily for personal, family, or household purposes.

13. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

14. Defendant is a business entity engaged in the business of collecting consumer debts.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

17. Defendant's "Consumer Collection Agency" license number is CCA0900813.

18. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

19. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

20. For example, Defendant does not maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

21. Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

22. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

23. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

24. The FCCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Fla. Stat. § 559.55(2).

25. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be

PAGE | **3** of **11**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

inconvenient to the consumer. In the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location."

26. Section 559.72(17) of the FCCPA prohibits persons from communicating with a debtor between the hours of 9:00 PM and 8:00 AM in the debtor's time zone without the prior consent of the debtor.

## FIRST SUBJECT COMMUNICATION

27. On January 26, 2024, Defendant sent an electronic mail communication to Plaintiff (the "First Subject Communication").

28. Attached as Exhibit "A" is a copy of the First Subject Communication.

29. The First Subject Communication was a communication in connection with the collection of the Consumer Debt.

30. The First Subject Communication was sent from MESSAGES+AFFIRM@MRSBPO.NET and delivered to Plaintiff's personal e-mail address.

31. The First Subject Communication advised that "PAY NOW. Did you know getting your account information and viewing your payment options is as easy as visiting our website?"

32. The First Subject Communication was sent by Defendant to Plaintiff at 9:22 PM in Plaintiff's zone.

33. The First Subject Communication was received by Plaintiff from Defendant at 9:22 PM in Plaintiff's zone.

## SECOND SUBJECT COMMUNICATION

34. On January 27, 2024, Defendant sent an electronic mail communication to Plaintiff (the "Second Subject Communication").

35. Attached as Exhibit "B" is a copy of the Second Subject Communication.

36. The Second Subject Communication was a communication in connection with the collection of the Consumer Debt.

37. The Second Subject Communication was sent from MESSAGES+AFFIRM@MRSBPO.NET and delivered to Plaintiff's personal e-mail address.

38. The Second Subject Communication advised that "PAY NOW. Did you know getting your account information and viewing your payment options is as easy as visiting our website?"

39. The Second Subject Communication was sent by Defendant to Plaintiff at 12:12 AM in Plaintiff's zone.

40. The Second Subject Communication was received by Plaintiff from Defendant at 12:12 AM in Plaintiff's zone.

### THIRD SUBJECT COMMUNICATION

41. On January 27, 2024, Defendant sent an electronic mail communication to Plaintiff (the "Third Subject Communication").

42. Attached as Exhibit "C" is a copy of the Third Subject Communication.

43. The Third Subject Communication was a communication in connection with the collection of the Consumer Debt.

44. The Third Subject Communication was sent from MESSAGES+AFFIRM@MRSBPO.NET and delivered to Plaintiff's personal e-mail address.

45. The Third Subject Communication advised that "PAY NOW. Did you know getting your account information and viewing your payment options is as easy as visiting our website?"

PAGE | **5** of **11**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

46. The Third Subject Communication was sent by Defendant to Plaintiff at 7:34 AM in Plaintiff's zone.

47. The Third Subject Communication was received by Plaintiff from Defendant at 7:34 AM in Plaintiff's zone.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

48. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. The "Classes" that Plaintiff seeks to represent are the below-defined "FDCPA Class" and the "FCCPA Class."

49. The "**FDCPA Class**" consists of: **[1]** all persons with Florida addresses in Palm Beach County **[2]** that Defendant or someone on Defendant's behalf **[3]** sent an electronic mail communication to **[4]** between 9:00 PM and 8:00 AM **[5]** in connection with the collection of a consumer debt.

50. The "**FCCPA Class**" consists of: **[1]** all persons with Florida addresses in Palm Beach County **[2]** that Defendant or someone on Defendant's behalf **[3]** sent an electronic mail communication to **[4]** between 9:00 PM and 8:00 AM **[5]** in connection with the collection of a consumer debt.

51. Defendant and its employees or agents are excluded from the Classes.

52. Plaintiff does not know the number of members in the Classes but believes the members of the Classes number in the several thousands, if not more.

### NUMEROSITY

53. Upon information and belief, Defendant has sent thousands of electronic mail communications to Florida consumers between 9:00 PM and 8:00 AM, whereby such electronic

mail communications violate Fla. Stat. § 559.72(17) and 15 U.S.C. § 1692c(a)(1). The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

54. The exact number and identities of the members of the Classes are unknown at this time and can be ascertained only through discovery. Identification of the members of the Classes is a matter capable of ministerial determination from Defendant's e-mail records.

### COMMON QUESTIONS OF LAW AND FACT

55. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are: [1] Whether Defendant sent an electronic communication to Plaintiff and members of the Classes in connection with the collection of a consumer debt; [2] Whether Defendant sent such communications between 9:00 PM and 8:00 AM; and [3] Whether Defendant should be enjoined from such conduct in the future.

56. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely sends electronic mail communications that violate Fla. Stat. § 559.72(17) and 15 U.S.C. § 1692c(a)(1) are accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

57. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

58.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**

59.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

60.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692c(a)(1)**

61.     Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference ¶¶ 1-60 of this Class Action Complaint.

62. Section 1692c(a)(1) of the FDCPA prohibits a debt collector, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. *In the absence of knowledge of circumstances to the contract, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock post meridian, local time at the consumer's location.*" 15 U.S.C. § 1692c(a)(1) (emphasis added).

63. As set forth above, Defendant sent multiple electronic communications to Plaintiff in connection with the collection of the Consumer Debt (the "Communications"). *See* Exhibit A-C. The Communications were sent to Plaintiff between the hours of 9:00 PM and 8:00 AM in the time zone of Plaintiff. Defendant did not have the consent of Plaintiff to communicate with Plaintiff between the hours of 9:00 PM and 8:00 AM. As such, by and through the Communications, Defendant violated § 1692c(a)(1) of the FDCPA.

64. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests relief and judgment as follows:

(a) Determine this action is a proper class action under Federal Rules of Civil Procedure;

(b) A declaration that Defendant's conduct and/or practices described herein violate 15 U.S.C. § 1692c(a)(1);

(c) Award Plaintiff and members of the FDCPA Class statutory damages pursuant to 15 U.S.C. § 1692k;

(d) Enjoin Defendant from future violations of 15 U.S.C. § 1692c(A)(1) with respect to Plaintiff and the FDCPA Class;

(e) Award Plaintiff and members of the FDCPA Class reasonable attorneys' fees and costs, including expert fees, pursuant to 15 U.S.C. § 1692k; and

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

 (f) Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## <u>VIOLATION OF FLA. STAT. § 559.72(17)</u>

65. Plaintiff, individually and on behalf of the FCCPA Class, incorporates by reference ¶¶ 1-60 of this Class Action Complaint.

66. Pursuant to § 559.72(17) of the FCCPA, in collecting consumer debts, no person shall: "*[c]ommunicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.*" Fla Stat. § 559.72(17) (emphasis added).

67. As set forth above, Defendant sent multiple electronic communications to Plaintiff in connection with the collection of the Consumer Debt (the "Communications"). *See* <u>Exhibit A-C</u>. The Communications were sent to Plaintiff between the hours of 9:00 PM and 8:00 AM in the time zone of Plaintiff. Defendant did not have the consent of Plaintiff to communicate with Plaintiff between the hours of 9:00 PM and 8:00 AM. As such, by and through the Communications, Defendant violated § 559.72(17) of the FCCPA.

68. WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests relief and judgment as follows:

 (a) Determine this action is a proper class action under Federal Rules of Civil Procedure;

 (b) A declaration that Defendant's conduct and/or practices described herein violate § 559.72(17);

 (c) Award Plaintiff and members of the FCCPA Class statutory damages pursuant to Fla. Stat., § 559.77(2);

 (d) Enjoin Defendant from future violations of Fla. Stat., § 559.72(17) with respect to Plaintiff and the FCCPA Class;

 (e) Award Plaintiff and members of the FCCPA Class reasonable attorneys' fees and costs, including expert fees, pursuant to Fla. Stat., § 559.77(2); and

PAGE | **10** of **11**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(f) Any other relief that this Court deems appropriate under the circumstances.

Dated: March 8, 2024

Respectfully submitted,

/s/ Gerald D. Lane, Jr.
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:jen@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail:gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax:    855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 8, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Respectfully submitted,

/s/ Gerald D. Lane, Jr.
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677

PAGE | **11** of **11**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com